**The below described is SIGNED.**

**Dated: October 27, 2006**

_____
**JUDITH A. BOULDEN**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re:<br><br>SUSAN FERRE STAUFFER,<br><br>Debtor. | Bankruptcy No. 05-31187<br><br>Chapter 13 |
|---|---|

**MEMORANDUM DECISION ON AMERICAN GENERAL FINANCE OF UTAH, INC.'S MOTION TO SET ASIDE CONFIRMATION ORDER AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY, AND DEBTOR'S MOTION IN LIMINE AND OBJECTIONS TO PROOF OF CLAIM #1**

## I.  JURISDICTION

Before the Court are American General Finance of Utah, Inc.'s (AGF) Motion to Set Aside Confirmed Chapter 13 Plan on Lack of Due Process Grounds; or in the Alternative to Vacate or Amend the Order of Confirmation and for a Determination that Judgment of Non-Dischargeability Apply Equally to Debtor's Chapter 13 Proceeding (Revocation Motion), AGF's Motion for Relief from the Automatic Stay (Stay Relief Motion), the Debtor's Motion in Limine, and the Debtor's Objections to Proof of Claim #1 (Claim Objections).  These are core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (G), (L), and (O), and the Court may enter a final order.

## II.  UNDISPUTED FACTS

The following facts were admitted by stipulation of the parties.[1]  This chapter 13 case is the culmination of extensive litigation by AGF against the Debtor for her alleged misconduct in drawing on a revolving credit line after selling the property that secured the credit line.  AGF filed suit against the Debtor and Title West title company in Utah state court on January 5, 2004, and the Debtor filed a chapter 7 bankruptcy case in the District of Utah on February 19, 2004 (which was assigned to Chief Judge Glen E. Clark) after a motion for summary judgment was filed in the state court action.  AGF commenced a nondischargeability action against the Debtor in the chapter 7 case on June 2, 2004 that was specifically premised only on § 523(a)(6) of the Bankruptcy Code but also appears to allege causes of action under § 523(a)(2).  The chapter 7 case was closed shortly thereafter on June 9, 2004 although the adversary proceeding remains open to this day.  Mr. Kenneth Ivory (Ivory) has represented AGF in both the state court action and the chapter 7 adversary proceeding.

AGF noticed out a hearing in the adversary proceeding on its Motion for Default Judgment and Motion to Strike Answer for July 27, 2005 based on the Debtor's alleged failure to comply with Judge Clark's Order compelling the Debtor's compliance with AGF's discovery requests.  Eight days before the default judgment hearing, the Debtor filed the present chapter 13 case listing AGF as the only creditor with a disputed debt of $45,500.  Although Mr. Paul Toscano (Toscano) had not theretofore been counsel for the Debtor in either the state court action, the chapter 7 case, or the adversary proceeding, he appeared at the default judgment

---

[1] The Debtor's Motion in Limine that attempted to exclude the "taking of any evidence" is accordingly denied as moot.

hearing and informed Judge Clark and Ivory that this chapter 13 case had been filed. That same day, Toscano mailed a copy of the Debtor's chapter 13 petition and proposed plan directly to Ivory. The plan provided for an 11% return to general unsecured creditors. In spite of being informed by Toscano of the newly filed case, and in contravention of Local Rule 9010-1(a),[2] Ivory never filed a notice of appearance in this case and never filed a request for notice.

Between July 29 and August 3, the Clerk's office mailed a copy of the chapter 13 plan — along with several notices setting forth the dates and times of the 341 meeting and the September 27, 2005 confirmation hearing as well as the November 28, 2005 claims bar date — to AGF at its branch office in Salt Lake City. None of these additional notices from the Clerk's office were sent directly to Ivory because there was no notice of appearance or request for notice on file. AGF timely filed its general unsecured proof of claim for $17,263.41 under penalty of perjury on September 12, 2005, over two weeks prior to the scheduled confirmation hearing and over two months prior to the claims bar date. This claim listed an address where future notices should be sent at a post office box in Evansville, Indiana. No objection to confirmation was filed, the confirmation hearing was stricken pursuant to then-Local Rule 2083-1(g),[3] and the uncontested

---

[2]   Local Rule 9010-1(a) states: "An attorney, or a party not represented by an attorney, who signs and files a petition, pleading or paper, is deemed to have made an appearance in the matter. If an attorney's appearance has not been established previously by the filing of papers in the case or proceeding, the attorney must file a notice of appearance promptly upon undertaking the representation of any party or witness." Ivory argued at the October 26 hearing essentially that his existence was "established" as contemplated by the Rule because of his activities in the chapter 7 adversary proceeding. But he never filed anything in this case, otherwise made an appearance, or requested notice from the Clerk's office until the Revocation Motion was filed. While Ivory's appearance in front of Judge Clark was no doubt well "established" in the context of the chapter 7 case, this Court could have no knowledge of Ivory's continuing representation of AGF in this chapter 13 case until Ivory took some affirmative action to apprise this Court of that fact.

[3]   For all chapter 13 cases filed after July 2, 2005, Local Rule 2083-1(g) — now Local Rule 2083-1(h) for all cases filed after October 17, 2005 — provided for the concept of "confirmation

confirmation order was entered on September 29, 2005. Again, without a notice of appearance or request for notice having been filed, a copy of the executed confirmation order was sent neither to AGF nor Ivory. There was no further activity by the parties reflected on the docket until AGF filed its Revocation Motion, 186 days after entry of the confirmation order. AGF did not file its Stay Relief Motion until nearly 6 months after that on September 27, 2006, a year to the day after the previously scheduled confirmation hearing.

### III.   DISCUSSION

**A.    Revocation Motion**

The first issue that the Court must address is the adequacy of service on AGF and Ivory with respect to the chapter 13 filing and associated deadlines. Despite the lone Ninth Circuit case citation in AGF's Objection to the Debtor's Motion in Limine, the vast majority of case law (including binding precedent within the Tenth Circuit) holds that § 1330(a) of the Bankruptcy Code is the only basis for revocation of a confirmation order assuming that due process notice requirements are met.[4] In this case, it is undisputed that AGF's Motion was not brought within the required 180 days, and relief under § 1330(a) is therefore unavailable even if the confirmation order was procured by fraud.[5] Accordingly, lack of due process is the only possible other basis

---

without objection" if no timely objections to confirmation were filed prior to the scheduled confirmation hearing. If a plan was eligible for confirmation without objection, the confirmation hearing could be stricken and the confirmation order could be entered without an actual hearing. The Debtor's plan was confirmed under this procedure.

   [4]    *See Mason v. Young (In re Young)*, 237 B.R. 791 (10th Cir. BAP 1999); *see also Duplessis v. Valenti (In re Valenti)*, 310 B.R. 138 (9th Cir. BAP 2004).

   [5]    In this regard, it is worth noting that "bad faith in filing [the] petition and/or plan is not germane to whether a chapter 13 plan, once confirmed, should be revoked" on the basis of fraud. *In re Slack*, 280 B.R. 604, 608 (Bankr. D.N.J. 2002).

on which AGF could avoid the *res judicata* effects of the confirmation order at this point in time. If notice was sufficient, any issues of bad faith with respect to the petition or plan filing are moot.

AGF argues first that notice was insufficient because the Debtor served AGF at a branch office in Salt Lake City rather than some other location such as AGF's "general legal affairs office in Illinois." AGF argues that the size of the company is so large that branch offices "have substantial turnover and are not expected to have intimate knowledge of pending legal matters." This line of argument fails for two reasons. Federal Rule of Bankruptcy Procedure 1007(a) does not require that a corporate entity be listed at any particular address in the Debtor's Schedules, and the case law is consistent that notice is sufficient if it is "reasonably calculated" under the circumstances to reach the creditor so that the creditor may adequately protect its rights. Even if AGF's argument were meritorious in other circumstances, AGF clearly had sufficiently timely and adequate notice in <u>this</u> case to protect its rights as evidenced by its own filing of a timely proof of claim on September 12, 2005. The proof of claim was filed over two weeks before the September 27 confirmation hearing date and over two months before the November 28 claims bar date. No objection to confirmation was filed until April 3, 2006 and no amended proof of claim has ever been filed. Initial service on AGF's Salt Lake City branch office was thus adequate under the circumstances of this case.[6]

---

[6] *Cf. Rowe v. Steinberg*, 253 B.R. 524 (E.D. Mich. 2000) (finding oral notification to a creditor that the debtor filed for bankruptcy sufficient for Rule 4007 deadline purposes); *In re Kleather*, 208 B.R. 406 (Bankr. S.D. Ohio 1997) (finding notice sent to a creditor's parent corporation sufficient under the circumstances); *cf. also* § 523(a)(3)(B) (excepting certain debts from discharge if those debts are "neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit" timely claim filings and dischargeability complaints "*unless such creditor had notice or actual knowledge of the case* in time for such timely" actions) (emphasis added).

AGF argues next that notice was insufficient because the Debtor failed to specifically serve Ivory despite knowledge that he served as AGF's counsel in the chapter 7 adversary proceeding. In making this argument, AGF relies heavily on the case of *In re Williams*[7] in which that court found an affirmative duty on the part of the debtors to list and schedule a creditor's attorney with whom the debtor had interacted prepetition for notice purposes. This Court disagrees with the holding in *Williams* as do most other cases, including one of the two cases that AGF describes in its own pleadings as the "progeny" of *Williams*.[8] The *Grand Union* case follows the equitable remedy in *Williams* solely based on the lack of sophistication of the personal injury creditors at issue,[9] while the *Horton* case distinguishes *Williams* and states outright that notice is required to be given to creditors and not attorneys, even if those attorneys are known.[10] There is simply no basis in the Bankruptcy Code or Rules for requiring service on a creditor's attorney,[11] and the provision of notice by the Clerk's office to a creditor does not

---

[7]    51 B.R. 627 (Bankr. S.D. Ohio 1985).

[8]    *In re The Grand Union Co.*, 204 B.R. 864 (Bankr. D. Del. 1997); *Dependable Ins. Co. v. Horton (In re Horton)*, 149 B.R. 49 (Bankr. S.D.N.Y. 1992). AGF also discussed the case of *Graham v. U.S.*, 96 F.3d 446 (9th Cir. 1996), cited in the *Grand Union* case, at the October 26 hearing but the *Graham* case was a non-bankruptcy case involving the Ninth Circuit's construction of a federal regulation involving notice requirements for a federal agency's denial of an administrative claim under the Federal Tort Claims Act.

[9]    *Grand Union*, 204 B.R. at 880 ("I decline to follow [reported decisions disagreeing with *Grand Union*'s holding] for a simple reason: the claimants before me, unlike those in *Solvation*, *Horton*, and *Kouterick*, are not sophisticated creditors who should have known about the consequences of the bankruptcy proceeding and a bar date notice.").

[10]    *Horton*, 149 B.R. at 60 ([T]he Bankruptcy Code and Rules only require that notice be sent to the creditor, not to a creditor's counsel even if that counsel is known.").

[11]    *See, e.g., id.*; *Grand Union*, 204 B.R. at 880, n.13 (collecting opposing cases); *In re Kouterick*, 161 B.R. 755 (Bankr. D.N.J. 1993). Although this chapter 13 case was filed before the general effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Court notes that even the substantially revised § 342 does not require service on a creditor's attorney.

implicate any professional rules of ethics insofar as "contacts" with represented persons are concerned.

Moreover, the Debtor's case is easily distinguishable from *Williams* because Ivory admits to receiving timely <u>actual</u> notice of the chapter 13 petition and plan in addition to receiving oral notice of the chapter 13 filing at the July 27, 2005 default judgment hearing in the chapter 7 adversary proceeding.[12] Ivory was fully aware of the chapter 13 case and inexplicably chose not to act for an exceedingly long period of time, even though his client did take affirmative actions to protect its own rights by filing a proof of claim. In particular, Ivory failed to enter an appearance or file any papers in the chapter 13 case per Local Rule 9010-1(a) that would have triggered his receipt of future notices from the Clerk's office, including the executed confirmation order.[13] These failures to act cannot now be ascribed to the Debtor based on an alleged lack of notice.

In sum, the notice provided to AGF in this case was sufficient and the Court therefore has no grounds for reaching any issues of bad faith in either the petition or plan filing because the time for doing so has long since passed.

---

[12] Ivory actually stated at the October 26 hearing that he did not recall whether he received the plan in addition to the chapter 13 petition, but AGF's own documents filed in this case indicate that he did. At any rate, the Court's analysis would be unchanged even if he only received a copy of the chapter 13 petition.

[13] To the extent that AGF mishandled the Court's notices in some way that affected its own interaction with Ivory, such mishandling does not now entitle AGF to visit any adverse consequences upon the Debtor. *See, e.g.*, *Green Tree Fin. Serv. Corp. v. Karbel (In re Karbel)*, 220 B.R. 108 (10th Cir. BAP 1998). And more generally, even the *Williams* case relied on by AGF clearly states the proposition that "[t]here is no affirmative duty on the part of a debtor or his counsel to ascertain whether a creditor is represented by an attorney for purposes of assuring proper notice to creditors." *Williams*, 51 B.R. at 629.

**B.     Claim Objections**

The Court now turns to the Debtor's claim objections filed on May 25, 2006 and June 1, 2006, respectively. Although styled as an "amended" objection, Debtor's counsel informed the Court at the October 26 hearing that the Amended Objection to AGF's proof of claim was actually intended to supplement rather than supersede the original claim objection. The original objection requests that AGF's proof of claim be paid "as set forth in the Debtor's Plan" rather than as set forth in the proof of claim itself. Although certainly unusual, the stated intent of this objection was therefore to pay 11% on the higher $45,500 claim amount listed in Schedule F rather than the lower $17,263.41 amount asserted in the proof of claim. The amended objection added the request that AGF's proof of claim be "disallowed to the extent that it seeks to establish the claim of American General Finance of Utah as a claim not dischargeable in this Chapter 13 case pursuant to 11 U.S.C. Section 1328."

Ironically, the Court must overrule the original claim objection on grounds of improper notice. Federal Rule of Bankruptcy Procedure 3007 requires that "[a] copy of the [claim] objection with notice of the hearing there on shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing." But AGF itself was apparently never served with the original claim objection at the address requested on the proof of claim; only Ivory himself was served with the original claim objection.[14] Notice being improper, the Court must overrule the original claim objection without prejudice. As for the amended claim objection, although properly served on AGF under Rule

---

[14]     *In re Hawthorne*, 326 B.R. 1 (Bankr. D.D.C. 2005) (overruling claim objection that was not served at the address requested for notice on the proof of claim).

3007, it will likewise be overruled but on the basis of mootness.[15] There is simply no need for the requested relief, because debts that would be nondischargeable in a chapter 7 case under § 523(a)(2), (4), or (6) are fully dischargeable under the "super discharge" provisions of § 1328 applicable to cases filed before the general effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**C.    Stay Relief Motion**

Finally, no "cause" has been shown for lifting the automatic stay to allow AGF to proceed with seeking its nondischargeability judgment in the chapter 7 adversary proceeding. The Debtor is complying with the terms of her confirmed plan and is current on plan payments.[16] And no purpose would be served by entry of a nondischargeability judgment in the chapter 7 adversary proceeding under § 523(a)(2), (4), or (6), because any such debts are fully dischargeable in this chapter 13 case and the nature of the debt is now immaterial as a result of the *res judicata* status of the confirmation order.

Thus, the only possible reason for continuing with the chapter 7 adversary proceeding is to establish the amount of the claim that must be paid in this case. But the amount of the claim is fixed by AGF's filed proof of claim, has not yet been properly objected to or amended, and has been allowed pursuant to § 502(a) in the amount of $17,263.41. Further, there is no equitable

---

[15]    The Court notes that neither of the claim objections were apparently served on the Debtor herself as required by Federal Rule of Bankruptcy Procedure 3007, but the Court does not address this defect of service given the Debtor's appearance in court and, thus, her apparent acquiescence to the relief sought in the filed claim objections.

[16]    "Generally, once a plan is confirmed, it is only a debtor's post-confirmation compliance with plan terms which is at issue in stay-relief motions." *In re Fallon*, 244 B.R. 589 (Bankr. E.D. Pa. 2000).

reason to lift the stay to proceed with further liquidation of the claim given the creditor's own claim filing and the inexplicable delay by both AGF and Ivory in seeking stay relief.[17]

Given the procedural posture of this case, the Court believes that it is appropriate for any further claims litigation to be resolved in the context of the chapter 13 case rather than the chapter 7 adversary proceeding. This may arise by way of a claim objection of the Debtor that is properly noticed and responded to, or it may arise by way of the Debtor's objection to any amended proof of claim that AGF may attempt to file in this case. Either way, the issue of AGF's claim amount is not yet ripe for this Court's consideration.

## IV.  CONCLUSION

For all the foregoing reasons, the Motion in Limine, the Revocation Motion, and the Stay Relief Motion are all DENIED, and both of the Claim Objections are OVERRULED. The Court shall issue a separate Order to this effect.

-------------------------------END OF DOCUMENT-------------------------------



---

[17] The Court also notes that the factors first enunciated in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984) do not weigh in favor of granting the requested stay relief. Namely, (1) lifting the stay would not result in a partial or complete resolution of the issues in this case; (2) further liquidation of AGF's claim in the chapter 7 case would clearly interfere with this bankruptcy case; (3) this bankruptcy court has as much expertise as another bankruptcy court in resolving claims issues; (4) the interests of judicial economy would best be served by resolving any claims litigation in this Court; and (5) the "balance of the hurt" weighs in the Debtor's favor. The only *Curtis* factor that potentially weighs in AGF's favor is that the chapter 7 adversary proceeding was approaching a default judgment hearing when the chapter 13 case was filed, but this Court has no way of knowing what the course of the adversary proceeding would be from this point in time and this one factor alone is insufficient in any event to outweigh the many factors that strongly favor denying stay relief.

_____ooo0ooo_____

SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION ON AMERICAN GENERAL FINANCE OF UTAH, INC.'S MOTION TO SET ASIDE CONFIRMATION ORDER AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY, AND DEBTOR'S MOTION IN LIMINE AND OBJECTIONS TO PROOF OF CLAIM #1** will be effected through the Bankruptcy Noticing Center to each party listed below.

Susan Ferre Stauffer
1631 West Rundquist Drive
West Jordan, UT 84084
    *Debtor*

Kenneth R. Ivory
Kathie Brown Roberts
9615 South 700 East
Sandy, UT 84070
    *Counsel for Creditor AGF*

J. Vincent Cameron
47 West 200 South
Suite 600
Salt Lake City, UT 84101
    *Chapter 13 Trustee*

Paul James Toscano
Boston Bldg., Suite 419
9 Exchange Place
Salt Lake City, UT 84111
    *Counsel for Debtor*

American General Finance
P.O. Box 3251
Evansville, IN 47731